SARAH G. PUTNAM AND OTHERS, *Appellants, v.* THE AMERICAN BIBLE SOCIETY AND OTHERS, *Appellees.*

*Wills.*

Construction given to the words "my other legatees," in a will.

THIS was an appeal from a decree of the probate court for the district of Caledonia, distributing the "residue" of Mrs. Lydia C. Shedd's estate, under her will, to certain legatees. The only question made in the county court was whether the residue should be decreed to the six following societies, viz : American Board of Commissioners for Foreign Missions, the American Tract Society established at Boston, the American Bible, the American Home Missionary, the American Colonization, and the American Education Societies, or to the four first named societies exclusively. It was claimed by the executors and by said four societies first named, that said residue, by the terms of the will, was given exclusively to said four societies.

The court, June Term, 1864, POLAND, Ch. J., presiding, *pro forma* ruled, that the decree of the probate court ordering the residue of the said estate to be distributed to the said six societies in the proportions named in the decree, be affirmed and so certified to the probate court. To this ruling, the said four societies excepted.

The provisions of the will are sufficiently set forth in the opinion of the court.

*Child & Towers* and *Peck & Colby*, for the American Board for Foreign Missions, the American Tract, the American Bible, and the American Home Missionary Societies.

———, for the American Colonization and the American Education Societies.

ALDIS, J. The case before us arises upon the construction of the will of Mrs. Lydia C. Shedd.

Dr. Josiah Shedd of Peacham by his will, after making many bequests, left " the residue of his estate," amounting to about $29,000. to Mrs. Shedd (the lady whose will is now before us) " in trust for our indigent and unfortunate relatives, or for the promotion of charitable objects to be by her selected, to be distributed in sums and at

times according to her best judgment and discretion." Mrs. Shedd had in her own right an estate of about $15,000.

The testatrix made a will dated January 14th, 1854, a codicil dated March 19th, 1859, and a second codicil dated September 30th, 1861. Among other bequests she gave

| | |
|---|---:|
| The American Board of Commissioners for Foreign Missions, | $3,000. |
| The American Tract Society, | 4,000. |
| The American Bible Society, | 4,000. |
| The American Home Mission Society, | 3,000. |

and provided that the foregoing legacies be paid from the proceeds of the property " assigned to me as the residuary legatee under the will of my husband," &c.

She then proceeds to make bequests to her relatives. Then she gives—

| | | | |
|---|---|---|---:|
| To the American Bible Society the further sum of | | | $1,000. |
| To the American Tract Society | " | " | 1,000. |
| To the Am. Board of Com'rs for F. M. | " | " | 1,000. |
| To the Am. Home Missionary Society, | " | " | 1,000. |

There is then this provision :—" Should my estate be insufficient to pay all the foregoing legacies, the difference shall be deducted from the legacies made to said societies, including the American Board of Commissioners for Foreign Missions, in proportion to the amount bequeathed to each ; and provided also that the residue of my estate, including that received by me as residuary legatee as above named and all other shall be added to and apportioned upon *all* the above named legacies in proportion to the amounts of said legacies and *pro rata.*"

Thus by this first will the residue of her estate not given away by special bequests was to be divided among all her legatees in proportion to the amounts of their legacies ;—no distinction being made in the distribution of the residue between her relatives and the charitable societies.

By the first codicil she reduced the legacy to the Colonization Society from $3,000. to $2,000. ;—gave about $8,000. more to her relatives, and then bequeaths " the residue of my estate to the four following societies, viz :

The American Board of Commissioners for Foreign Missions.

The American Home Missionary Society.

The American Bible Society.

The American Tract Society.

The effect of this codicil was to take $8,000. from the residue not before specially bequeathed and give it to her relatives, and then to divide the whole of the residue among the four charitable societies above named,—deducting also $1,000. from the bequest to the Colonization Society.

By the second codicil she first made the following provision, and it is upon the construction of this clause in the will that the controversy has arisen:—

"It is my will and desire to constitute and make the following societies and associations my residuary legatees, (to wit,) the American Board of Commissioners for Foreign Missions; the American Tract Society, established at Boston; the American Bible Society; the American Home Missionary Society; the American Colonization Society; and the American Education Society; and said societies are hereby constituted my only residuary legatees, under the following restrictions and reservations. I give and bequeath to the said American Colonization Society, fifteen hundred dollars, instead of the sums mentioned in my said will and codicil; and I give and bequeath to the said American Education Society, the sum of one thousand dollars; and if there shall not be an amount sufficient of my property to pay said societies the amount specified in my said will and codicils, said residue shall be divided among them in proportion to the amount specified to each of them; and if there shall be more than enough to pay the whole amount so specified, then the same shall be divided among my other legatees, in proportion to their several bequests, or otherwise, as I may hereafter direct; meaning what shall remain after paying other special bequests and legacies, mentioned in my said will and codicil, or whatever other legacies I shall hereafter make; and also what shall be necessary to pay the expenses of settling my estate, and funeral charges; and I further direct that the several sums heretofore paid said societies, and charged on my book, shall be taken and considered as so much payment of said aforementioned legacies."

She then proceeds to make various alterations in the bequests to her relatives, in order that the gifts she had made them since making

her former will and the bequests as altered might make the whole sums received by them just and equal according to her intentions. It is not important to state them. The legacies in the first will of $1,000. each to the four societies she " revokes in full,". " having adjusted my bequests in relation to those societies satisfactorily in this codicil."

By the whole will as thus finally revised her · bequests stand thus :—

1st. There are special bequests to her relatives and friends, and to the Vermont Domestic Missionary Society, the Caledonia County Grammar School, and the Congregational Church in Peacham.

2d. There are special bequests to six charitable societies as follows :—

To the American Board of Comm'rs for Foreign Missions,   $3,000.
    "  American Tract Society,                      4,000.
    "  American Bible Society,                     4,000.
    "  American Home Missionary Society,      3,000.

(Each of the former specific bequests to these societies being reduced by the last codicil $1,000. each.)

To the American Colonization Society,             $1,500.

(it being reduced by the last codicil from $2,000. to $1,500.) and

To the American Education Society, .           $1,000.

(this bequest being a new one,—this society not appearing before in the will as a legatee.)

Such are the specific legacies.

The question arises, to whom does the residue of the estate go, after these special bequests are all paid? The residue is about $20,000. The four societies above named, viz : the Tract, Bible, Home Missionary and American Board claim that the whole residue should go to them. The Colonization and Education Societies claim that the residue should be divided among the six societies. The obscurity arises from the use of the words " my other legatees " in the clause which provides for the distribution of the residue. If we read that whole paragraph, clause by clause, it is all ·plain enough till we come to this—" if there shall be more than enough to pay the whole amount so specified, then the same shall be divided among my other legatees." My other legatees. Other than whom? Up to these

words the paragraph has been dealing wholly with the residuary legatees. The grammatical connection of these words, "my other legatees," with the rest of the paragraph clearly requires that they should be construed to mean, *other than my residuary legatees.* "The said societies" in the next preceding clause, all agree, refer to the six societies named as residuary legatees;—the clause provides if my property is not sufficient to pay "said societies," (meaning the six,) the amounts specified in my will, the residue shall be divided among them (the six societies) in proportion to the amounts specified to each of them; and if there shall be more than enough to pay the whole amount so specified, (that is the specific bequests to the six societies,) then the same shall be divided among my other legatees— that is my legatees *other than the six societies.* This at first blush seems the plain, grammatical and natural meaning of the clause. But upon a little consideration this first clear impression begins to be overcast with doubts. Referring back to the first clause of the paragraph she most clearly and plainly declares that she constitutes the six societies her residuary legatees. Indeed she repeats the idea with emphasis "said societies are constituted my *only* residuary legatees."

How can they be residuary legatees when they are, by the above construction we have given to the latter clause in the paragraph, wholly cut off from having any share in the residuum? A residuary legatee who does not receive any part of the residue! It is a contradiction. Thus the two clauses in their grammatical construction contradict each other.

Did Mrs. Shedd understand the meaning of the words "residuary legatee?" Most certainly. She was an intelligent and educated lady. She had been the "residuary legatee" of her husband's estate, receiving in trust $29,000. by virtue of those very words. She uses them twice in the first will according to their correct meaning. When she makes the six societies her "only residuary legatees" she would seem to have clearly intended precisely what the words mean.

It is true that she makes them her residuary legatees "under the following restrictions and reservations"—viz: that the Colonization Society shall have a special bequest of $1,500. instead of $2,000.—

the American Education Society have $1,000, which had no legacy before—the other four societies be reduced $1,000. each, and then if there be a deficiency each shall lose *pro rata*. These are restrictions. The further special bequests which follow to her relatives and friends, may perhaps be considered as reservations;—so the power reserved to deduct "whatever other legacies I may hereafter make."

If we suppose that the distribution of the whole residue to her "other legatees"—that is to her special legatees as distinguished from her residuary legatees—was what was meant by "restrictions and reservations" it makes the restriction or reservation completely absorb and nullify the previous gift. To give the words, "restriction, reservation," such a meaning, such an extent and effect, would be quite beyond their usual signification. It would not be restricting the previous grant, or reserving anything from its operation; but it would be wholly destroying it. The phrase "under the following restrictions and reservations" is fully satisfied by the provisions . which do follow it, and does not aid the theory that "other legatees" means the special legatees.

The next clause in the paragraph lends aid to the idea that the residuary legatees are meant. It is—" meaning what shall remain after paying other special bequests and legacies," &c. The context shows this is put in to explain what is meant by " the residue," "the same " to be divided to the " other legatees,"—how that " residue " is made up. Now " what shall remain after paying other special bequests and legacies " means what shall remain after paying the special legatees as distinguished from the residuaries. This meaning all admit. But she could not have intended that what should remain after paying the special legatees should go to the special legatees under the name of " other legatees." That would be a most awkward form of expressing the idea;—and it would wholly cut off the special bequests to the societies. But if " other legatees" means the societies, then the defining the residue which is to go to them as " what remains after paying the special legacies " is intelligible, clear and consistent.

Other considerations tend to show that by other legatees she did not mean her special legatees as distinguished from her residuaries.

It is natural that she should intend that those who must lose by a deficiency should gain if there was a surplus.

After making her first will she gave to her nephew and neice their shares, $1,500. each,—hence in her first codicil she revokes their legacies, and they subsequently are mentioned as legatees to but comparatively a small amount. In the second codicil other legatees are added. The residuum if divided among the special legatees would increase the legacy of each one named in the will three fold. While those legatees first mentioned, some of whom appear to be near relatives, and who, having actually received their shares, appear not at all or but slightly as legatees in the codicils, would receive much less than we may reasonably suppose was intended. Other unreasonable results follow, which were pointed out in argument, such as increasing the legacy for the bell from $300 to $900, the gifts to servants three fold, &c.

The changes in the will indicate to the mind that the special legatees were not meant to be residuaries.

In the first will all the legatees—relatives, societies and all—shared the residuum *pro rata*. In the first codicil about $8,000. was taken from the residue and bequeathed to relatives, and then the residue given to the four societies.

In the second codicil it would appear that the amount taken from the residue and by the first codicil given to relatives had been by gift distributed to them when living, or by the second codicil was then bequeathed to them ; so that she took nothing from their share. The special legatees still had received or would receive as much from her estate as she had at any time intended to give them. If then her will remained unchanged the residue would still go to charitable objects as in the first codicil. But if she had changed her mind and intended to give the whole residue to her relatives and special legatees, is it not very singular, or rather does it not seem inexplicable, that she should begin her second codicil by a clear and emphatic declaration that she made the six societies her residuary legatees ?

The reason given for revoking the thousand dollar legacies to the four societies, viz : " having adjusted my bequests in relation to those societies satisfactorily in this codicil," seems to point to something more than a mere diminution of the gift. That does not seem to

mean—" I diminish their legacies by $1,000. each and let the remainder stand;" but rather—" I revoke the special gifts of $1,000. each, as I leave them each a share in the residue of my estate." Taken in connection with the paragraph which makes them residuaries, the reason given for the revocation of the special bequests of $1,000. each becomes plainly intelligible.

If then the special legatees as distinguished from the residuaries are not meant by the words " other legatees," do the words mean the four societies instead of the six?

It is urged that the word " other " can have no meaning unless so applied—that the naming of the Colonization and Education Societies in the forepart of the sentence supplies objects intended to be excluded by the use of the word " other "—" my other legatees " thus meaning my legatees other than the two societies above named.

But this construction encounters the same difficulty as the one which gives the residuum to the special legatees—for the whole six societies are named as residuary legatees, and how can there be a residuary legatee who does not share in the residuum?

Such an application of the word " other " is not grammatical. If we apply the rules of grammar to the sentence we perceive that two clauses intervene between that part of the sentence which speaks of the two societies and this word " other," and that in these two clauses the whole six societies are referred to as " said societies "— are grouped together as sharing *pro rata* in the loss if there is a deficiency; and then when the distribution of a surplus is supposed, there is nothing to separate any of them from the others, but *all* seem fairly to be either excluded by the word " other," or else to be all included in the phrase—" my other legatees." To jump over the intervening clauses and go back to the first clauses to find the persons who are contra-distinguished from the residuary legatees by the word " other " seems to us neither reasonable nor grammatical. We think it must mean other than " the said " (six) " societies," or mean other than the special legatees.

Still it would seem as if " other " ought to mean something, and we ask ourselves how did the word get in there?—what was in the scrivener's mind?—or what was the confusion in his mind that led him to use it?

The only explanation which seems at all satisfactory is this :

The codicil starts with the distinction between residuary legatees and all the others, whom we may call special legatees. This distinction indeed runs through will and codicils. The special legatees are to be paid in full—if there is a deficiency the loss must be apportioned on these societies—the residuary legatees.

When the scrivener supposes a deficiency, he says—" if my property should not be sufficient to pay the said societies the amount specified to them in my will and codicils, the residue shall be divided among them in proportion to the bequests specified to each of them." Here " *residue* " means what shall remain after paying the special legatees; as distinguished from the residuary legatees; and this is the proper use of the word, and appropriate language to describe what is to be divided among the residuary legatees. The sentence then goes on to suppose an excess; " and if there shall be more than enough to pay the whole amount so specified, then the same shall be divided among my other legatees in proportion to the amounts of their special bequests." Probably the draftsman, when he used the words " the same " had in his mind the same idea that he had when he used the words " the residue " just before, viz : *what shall remain after paying the special legatees,* and it is quite obvious that he would then use the words " my other legatees " as synonymous with " my residuary legatees." This will be plain if we insert in place of the words " the residue," and " the same," words which specifically show what the residue is ; thus—if my property should not be sufficient to pay the said societies the amounts specified to them in my will or codicils, then *what shall remain after paying my special legatees* shall be divided among the said societies in proportion to the bequests specified to each of them ; that is the exact meaning of the clause as it stands originally ; and if there shall be more than enough to pay the whole amount so specified, then *what shall remain after paying my special legatees* shall be divided among my other legatees, &c.

When we consider that the division of " the residue " was the subject matter of this paragraph in the will, and look at the idea in the mind of the draftsman, and then at the structure of the sentence—the first clause supposing a deficiency when " the residue "

shall be divided, and the second an excess when "the same" shall be divided,—we readily see how he referred the words "the same" back to the words "the residue," as meaning the same thing, and thus how "my other legatees" was used to mean the residuary legatees. While this was probably the writer's *idea*, the words "the same," in their grammatical connection, do not refer back to "the residue," but to the words immediately in juxtaposition, viz: "if there shall be more than enough to pay the whole amount so specified," that is, *what is left after paying the specific bequests to the societies*, "shall be divided among my other legatees," &c. Thus having one idea in the mind, that of "the residue," and referring the words "the. same" to that idea instead of observing that the grammatical construction would signify by those words a different idea, we perceive how the writer got confused and expressed one idea while he really meant another; and thus, while he was thinking that "the same" meant "what will remain after paying the special legatees," (in which case other legatees would mean other than the special legatees—that is, the residuaries,) it did not occur to him that critical and grammatical accuracy would construe "the same" to mean what will remain after paying the special bequests to the six societies, (in which case other legatees would mean other than the six societies.) The thing to be divided was the residue—and when he says "the same shall be divided," he was thinking of what he had meant when he said "the residue shall be divided," and that was "what shall remain after paying special legatees." With this idea in his mind he would use "other" as synonymous with "residuary."

He seems to have felt that his idea was confusedly expressed, for he goes on in the next clause immediately succeeding to explain what he meant by "the residue," and "the same." He says, "meaning what shall remain after paying other special bequests and legacies," &c. Now if he did mean by "the same" what shall remain after paying other special bequests—that is, other than bequests to the societies—or, what is the same thing, what shall remain after paying bequests to special legatees, then the whole sentence thus explained would read thus,—if there shall be more than enough to pay the whole amount specified in my will as going to the said societies, then what shall remain after paying special legatees shall be divided

among my *other* legatees,—other meaning residuary legatees—they being the only ones who were other than special legatees.

However the obscurity arose, it is clear to us, that the very plain and emphatic statement of who should be " residuary legatees " ought not to yield to an indefinite expression which seems to have inaccurately expressed the writer's meaning; especially when he endeavors to correct and explain his meaning in the next clause of the same sentence; and when the general tenor of the will and of the surrounding circumstances by which it must be interpreted, harmonizes with the clear and positive words of the testatrix when expressing her intent on the very point in controversy.

The judgment of the county court affirming the decree of the probate court and so certifying to that court, is affirmed.